O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA FAY PONTIS,       )<br>                         )<br>        Plaintiff,       )<br>                         )<br>    vs.                  )<br>                         )<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security,     )<br>                         )<br>        Defendant.        )<br>_____ ) | CASE NO. CV 08-07322 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

        When an Administrative Law Judge rejects a claimant's testimony as to her subjective symptoms, the Administrative Law Judge must give specific and legitimate reasons for doing so.  *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996).  Plaintiff Delia Fay Pontis argues that the Administrative Law Judge here did not abide by this principle.  The Court disagrees.

        Plaintiff argues that the Administrative Law Judge did not address her subjective testimony regarding her headaches.  But he did; he stated that they were controlled with medication.  [AR 22]  He stated that her fibromyalgia also was controlled with medication [*id.*], which also addresses Plaintiff's assertion that he did not consider her complaints of fatigue.  *See generally Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004) (discussing symptoms of fibromyalgia).  Moreover, two consulting physicians who examined Plaintiff two years apart both opined that, despite the migraine headaches, fibromyalgia and endometriosis, Plaintiff nevertheless retained the residual functional

capacity to perform a certain level of work. [AR 22] Medical opinion alone does not discount the claims of excess pain, but neither is such opinion irrelevant; it is one factor that the Administrative Law Judge was entitled to consider. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects. 20 C.F.R. § 404.1529(c)(2).").

The Administrative Law Judge also described other factors he found to impeach Plaintiff's testimony as to the level of her pain: little evidence of treatment; Plaintiff's apparent freedom from distress at the hearing; Plaintiff's daily activities of caring for her children (one of whom, being disabled, requires special care) and performing household chores. [AR 23] All these are factors that an administrative law judge may consider when evaluating a claimant's credibility. *Bunnell v. Sullivan*, *supra*; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The fact that there may be other interpretations of a claimant's testimony that are reasonable does not mean that the Administrative Law Judge erred. As long as the Administrative Law Judge's interpretation is reasonable and is supported by substantial evidence, it is not the role of the Court to second-guess it. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

The credibility of Plaintiff being the only issue before this Court, and the Administrative Law Judge having acted in accordance with the appropriate legal standards in making his decision, that decision is affirmed.

DATED: July 6, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE